IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDERSON O.H.G., <br><br> Petitioner, <br><br> vs. <br><br> TAE D. JOHNSON, *et al.*, <br><br> Respondents. | Civil No. 1:26-cv-03248-MWJS <br> ORDER GRANTING PETITION FOR <br> WRIT OF HABEAS CORPUS IN PART <br><br> A# 221-489-558 |

**<u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART</u>**

Petitioner Anderson O.H.G.[1] entered the United States without inspection approximately four years ago.  Dkt. No. 8, at pg. 10.  In January 2026, he was arrested by immigration officers.  Although he has not been found to be a danger to the community or a flight risk at a bond hearing—although he has, in fact, not been afforded a bond hearing at all—he has been held in immigration detention ever since his arrest.  *Id.*

Petitioner now invokes this court's habeas jurisdiction.  In a first amended petition for writ of habeas corpus under 28 U.S.C. § 2241 (the "petition"), he contends, among other things, that because he is not subject to mandatory detention under 8

---

[1]     For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

U.S.C. § 1225(b), he is entitled to a bond hearing under 8 U.S.C. § 1226(a). *Id.* at pg. 14. Petitioner seeks an order granting either his immediate release or, "within seven days, a custody redetermination hearing before an Immigration Judge with authority to consider release under [8 U.S.C. § 1226(a)." *Id.* at pg. 17.

This court and many others have granted relief in cases analogous to this one. *See, e.g.*, *Jose C.L.L. v. Chestnut*, No. 1:26-cv-03453-MWJS, 2026 WL 1275305 (E.D. Cal. May 7, 2026); *Francisco C.T. v. Warden, Cal. City Corr. Ctr.*, No. 1:26-cv-03308-MWJS, 2026 WL 1234218 (E.D. Cal. May 4, 2026); *Ixcox Chum v. Lyons*, No. 1:26-cv-02491-KES-EPG (HC), 2026 WL 950765 (E.D. Cal. Apr. 8, 2026). The court has again considered these precedents and concluded that they reached the correct result based on the current state of Supreme Court and circuit precedent. To resolve this case, therefore, the court need only determine whether there is any factual or legal basis to distinguish those prior decisions.

The court issued an order to show cause, calling on Respondents to identify "any factual or legal issues in this case that render it distinguishable from prior orders such as the ones listed above." Dkt. No. 9. The court appreciates Respondents' timely and candid response. Dkt. No. 10. Although Respondents maintain that Petitioner's detention is lawful, they acknowledge that there "there are no significant factual or legal issues in this case that materially distinguish it from the cases identified in the [court's] [o]rder." *Id.* at pg. 1. Respondents do not oppose the court ruling directly on

the petition, they do not request a hearing, and they do not intend to file any additional affirmative briefing. *Id.*

Given the lack of any factual or legal issues in this case that would distinguish it from the prior orders that this court has found persuasive, IT IS HEREBY ORDERED that the petition for writ of habeas corpus, Dkt. No. 1, is GRANTED in part, to the extent Petitioner contends in Count One that he is entitled by statute to a bond hearing. Respondents are ENJOINED AND RESTRAINED from continuing to detain Petitioner unless they demonstrate, within seven days of the date of this order, that Petitioner has received a bond hearing before a neutral decisionmaker in accordance with 8 U.S.C. § 1226(a) and its implementing regulations.  Respondents shall file a status report within ten days of the date of this order, confirming whether a bond hearing has been held and, if so, the outcome of that hearing.

The Clerk of Court is directed to close this case and enter judgment for petitioner.

IT IS SO ORDERED.

DATED:  May 12, 2026, at Honolulu, Hawai'i.



/s/ Micah W.J. Smith

_____

Micah W.J. Smith
United States District Judge

Civil No. 1:26-cv-03248-MWJS; *Anderson O.H.G. v. Tae D. Johnson*, et al.; ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART